In re 9221 ASSOCIATES, Debtor.

9221 ASSOCIATES and Edward E. Schmitt, Appellants,

v.

INDUSTRIAL STATE BANK, Appellee.

No. 91–3571.

United States Court of Appeals, Eighth Circuit.

Submitted June 8, 1992.

Decided Aug. 26, 1992.

Rehearing and Rehearing En Banc Denied Oct. 5, 1992.

Truman K. Eldridge, Jr., Kansas City, Mo., argued (Truman K. Eldridge, Jr., Jennifer D. Putman and Jerald S. Meyer, on the brief), for appellants.

R. Dickey Hamilton, Chicago, Ill., argued (R. Dickey Hamilton, Byron J. Beck and A. Bradley Bodamer, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

This is an adversary proceeding in bankruptcy in which the debtor, 9221 Associates, a limited partnership, seeks to recover from Industrial State Bank $2,500,000. The Bankruptcy Court held for the debtor, but the District Court[1] reversed. We affirm the judgment of the District Court.

We have little to add to the District Court's opinion. It is commendably brief and penetrating in its legal analysis.

■ In 1985, Kroh Brothers Development Company (KBDC), the general partner of 9221, asked Industrial State Bank to lend 9221 $2,500,000, to be secured by a second deed of trust on 9221's sole asset, an office building located at 9221 Ward Parkway in Kansas City, Missouri. KBDC had no authority to make this request, and the loan proceeds were not applied to the benefit of 9221. Instead, KBDC appropriated them for itself. The Bankruptcy Court held, and we agree, that the note and deed of trust given to Industrial State Bank on this occasion were not valid. They were unauthorized and not enforceable against 9221.

Later, in 1986, KBDC made a second, similarly unauthorized loan request to another bank, Commerce Bank. This request was approved by Commerce Bank. Part of the loan proceeds went to Industrial State Bank to pay off the existing second deed of trust. This loan was just as invalid as the first one. Both of them were unauthorized, invalid, and unenforceable against 9221.

■ In the present case, 9221 seeks to recover from Industrial State Bank the $2,500,000 that it received from Commerce Bank. This money, 9221 argues, is property of the debtors' estate.

For the reasons ably given in the opinion of the District Court, we reject this argument. The debtor had no property interest in the proceeds of the Commerce Bank loan. The loan was not enforceable against the debtor, nor did it create a valid lien on the debtor's property. Commerce Bank, like Industrial State Bank, had no right to enforce the loan against 9221. "Thus, 9221 was not bound *either* by the ISB note and second deed of trust *or* the Commerce promissory notes and second deed of trust executed by KBDC." *In re 9221 Associates*, No. 91–0196–CV–W–1, slip op. 6 (W.D.Mo. Oct. 7, 1991).

We adopt as our own the following passage from the opinion of the District Court:

Inasmuch as the ISB note was not binding on 9221 and did not create a valid debt of 9221 nor encumber the property of 9221, it affected no property interest of 9221. The bankruptcy court found that the ISB note and deed of trust "were not enforceable obligations or valid, antecedent debts of 9221." (F & C at 8) What is true of the ISB note is true of the Commerce note. They were created under exactly the same circumstances. At best, the ISB and Commerce loans were unsecured obligations of KBDC. The fact that payment of the ISB note was accomplished by KBDC obtaining a loan secured by an invalid mortgage does not change the fact that no property interest of 9221 was affected by the Commerce loan. KBDC accomplished the payment of its obligation to its credi-

---

1. The Hon. Dean Whipple, United States District Judge for the Western District of Missouri.

tor ISB through the guise of appearing to be giving something of value to Commerce. The representations of KBDC that the second deed of trust was valid, and Commerce's faith in that validity, do not invest the second deed of trust with validity. Accordingly, the property of 9221 purportedly mortgaged by that deed of trust was unaffected in any manner. Inasmuch as 9221 can assert no property interest in the proceeds of the Commerce loan, it cannot prevail under the Bankruptcy Code on its claim to avoid the payment of the proceeds to ISB.

*Id.* at 7.

The judgment of the District Court, which reversed the judgment of the Bankruptcy Court in debtor's favor, is affirmed.